**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| VALERIE FLORES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-04518 (UNA) |
| | ) | |
| | ) | |
| GLOVER HOUSE, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

In this *pro se* action transferred from the U.S. District Court for the Northern District of New York, Plaintiff, a resident of Albany, New York, sues The Glover House Apartments in Washington, D.C., asserting "target harassment by a tenant/guest & potentially an employee." Compl., ECF No. 1 at 3.  Transferred with the complaint is Plaintiff's motion for leave to proceed *in forma pauperis*.  For the following reasons, the Court grants the *in forma pauperis* application and dismisses the complaint.

In the form Complaint, Plaintiff alleges that during her "8 hour 2nd shift" on an unspecified date, a "white male tenant or guest came down into the lobby 3 different times[.]"  Compl., ECF No. 1 at 4.  She describes the man's clothing and asserts that on the third occasion "others" were in the lobby, including "an older white male wearing a shirt that said 'Redbird.' "  *Id*.  Plaintiff seeks "an injunction against" Redbird, "white Lexus owner w/Maryland plates" because the Lexus was "speeding by me in that area."  *Id*.  As for the amount in controversy, Plaintiff writes "$75k personal injury."  *Id*.  But in a seemingly unrelated claim, she states that she "was denied housing elsewhere over a $40 error" she "felt was malicious & false reporting by [an old] landlord."  *Id*.

Although *pro se* complaints are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must comport with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Under Rule 8, a complaint must contain a short and plain statement of (1) the grounds for the court's jurisdiction, (2) the claim showing that the pleader is entitled to relief, and (3) the relief demanded. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). Thus, the pleader must allege enough facts to permit a court "to infer more than the mere possibility of misconduct." *Brown v. Whole Foods Mkt. Grp.*, 789 F.3d 146, 150 (D.C. Cir. 2015) (cleaned up). The pleading rules ensure that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff has not alleged any facts about the named defendant, much less sufficient facts to give it "fair notice" of a claim and the grounds on which it rests. *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016) (citation omitted). Therefore, this case will be dismissed by separate order.

_____/s/_____
RUDOLPH CONTRERAS
Date: April 13, 2026                     United States District Judge

2